UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 23-3151

UNITED STATES OF AMERICA,
         .....Appellee,

-v-


ROBERT GEMEINHARDT
         .....Appellant.


District Court No. 2:22-cr-152


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO


**ANDERS BRIEF BY COUNSEL FOR DEFENDANT-APPELLANT**
*Oral Argument Waived*


BY:  **Attorney Dana B. Carron**
     17301 Livernois Ave., Ste.331
     Detroit, MI    48322
     (313) 312-4621
     dbcarron@gmail.com

CERTIFICATE of INTEREST

Appellate Court No: 23-3151

Short Caption: **UNITED STATES OF AMERICA V. ROBERT GEMEINHARDT**

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a certificate of interest stating the following information in compliance with Circuit Rule 26.1. NOTE: counsel is required to complete the entire certificate and to use N/A for any information that is not applicable.

(1) The full name of every party or amicus the attorney represents in the case: ROBERT GEMEINHARDT

(2) If such party or amicus is a corporation:
        N.A.
    i)  Its parent corporation, if any; and
        N.A.

    ii) A list of stockholders which are publicly held companies
        owning 10% or more of the stock in the party or amicus:
        N.A.

(3) The names of all law firms whose partners or associates have
    appeared for the party in the case or are expected to appear
    for the party in this court: LAW OFFICES OF DANA B. CARRON,
    P.C.

This certificate shall be filed with the appearance form or upon the filing of a motion in this court, whichever occurs first. The attorney furnishing the certificate must file an amended certificate to reflect any material changes in the required information. The text of the certificate (i.e. caption omitted) shall also be included in from of the table of contents of the party's main brief.

Attorney's Signature:

Attorney's Printed Name:        Dana B. Carron

                Date: 4/27/23

## TABLE OF CONTENTS

TABLE OF CASES ...... . . . . . . . . . . . . . . . .    ii

STATEMENT OF APPELLATE JURISDICTION. . ....................    iii

STATEMENT OF ISSUES PRESENTED ..........................    vi

STATEMENT OF THE CASE  ..................................    1

STATEMENT OF FACTS   ....................................    2

SUMMARY OF ARGUMENT ....................................    12

ARGUMENT:

**I. ASSIGNED APPELLATE COUNSEL SHOULD BE ALLOWED TO WITHDRAW FROM FURTHER REPRESENTATION OF ROBERT GEMEINHARDT BECAUSE COUNSEL HAS FOUND NO NON-FRIVOLOUS APPELLATE ISSUES**.....................................13

**II. MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAIVER IS VOID**.......................................15

**III. MR. GEMIENHARDT MAY WISH TO ASSERT THAT HE DID NOT INTELLIGENTLY AND VOLUNTARILY ENTER HIS PLEA BECAUSE HE ENTERED IT UNDER THE GUIDANCE OF THE INEFFECTIVE ASSISTANCE OF COUNSEL WHERE THERE IS NO EVIDENCE THAT HE IS CULPABLE SINCE (HE NOW ASSERTS) IT IS NOT HE WHO IS NAKED IN THE PHOTOS USED TO ESTABLISH HIS GUILT, AND ALL OF THE INCULPATING TEXT MESSAGES WERE JUST FANTASY TALK, AND THEREFORE HE SHOULD BE ALLOWED TO WITHDRAW HIS PLEA**..............................................16

**IV. MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAS NOT PROPERLY TAKEN BY THE COURT**.....................19

**V.   MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS SENTENCE WAS IMPROPER**.......................................24

**VI.   MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS ATTORNEY WAS INEFFECTIVE FOR NOT MOTIONING TO WITHDRAW HIS PLEA, EITHER BEFORE OR AFTER HE WAS SENTENCED**..............25

**VII. MR. GEMIENHARDT MAY WISH TO ASSERT THAT THE PLEA WAIVER IS INVALID BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR ALLOWING DEFENDANT TO ENTER THE PLEA BARGAIN WITHOUT HAVING FIRST CHALLENGED THE EVIDENCE WITH PRETRIAL MOTIONS**...........................................27

**VIII. MR. GEMIENHARDT MAY WISH TO ASSERT THAT THE PLEA**

**WAIVER IS INVALID BECAUSE PROSECUTORIAL MISCONDUCT LED HIM TO ENTER THE PLEA BARGAIN**................................29

**IX. MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAS ENTERED AS A RESULT OF PROMISES OR THREATS MADE OFF-THE-RECORD**..............................................29

CONCLUSION ................................................30

CERTIFICATE OF WORD-COUNT COMPLIANCE........................31

CERTIFICATE OF SERVICE.....................................32

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS............33

## TABLE OF AUTHORITIES

Page

18 U.S.C. § 2251(e)..........................................27

18 U.S.C. § 2252(b)(1)......................................27

18 U.S.C. § 2423(b).........................................27

Fed. Rule Crim. Proc. 11.........................22, 24, 25, 28

*Anders v. California*, 386 U.S. 738 (1967)................*passim*

*Baker v. United States*, 781 F.2d 85 (6th Cir. 1986)...........26

*Boykin v. Alabama*, 395 U.S. 238 (1969).........................19

*Ramos v. Rogers*, 170 F.3d 560 (6th Cir. 1999).................26

*Strickland v. Washington*, 466 U.S. 668 (1984).............*passim*

*United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994).........30

*United States v. Gardiner*, 463 F.3d 445 (6th Cir.2006).....*passim*

*United States v. McGilvery*, 403 F.3d 361 (6th Cir. 2005).......17

*United States v. Simmons*, 812 F.2d 561(9th Cir. 1987)..........15

*United States v. Toth*, 668 F.3d 374 (6th Cir. 2012)........17, 18

iv

## APPELLANT'S JURISDICTIONAL STATEMENT

Appellant sets forth the following jurisdictional statement which they believe is complete and correct.

On 9/20/22, Appellant pled guilty in the United States District Court for the Southern District of Ohio, in case number 2:22CR00152, to Sexual Exploitation of a Minor 18 U.S.C. §§ 2251(a) and 9e); and possession of Child Pornography Depicting a Prepubescent Minor 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  On 2/16/23 he was sentenced, and on 2/17/23 the final Judgement and Commitment was entered.

This Court has jurisdiction to entertain an appeal from all final decisions of the district courts of the United States pursuant to 28 U.S.C. Sec.1291.

On 2/17/23 Appellant filed his notice of Appeal.  This appeal was docketed as UNITED STATES OF AMERICA V. ROBERT GEMEINHARDT. This Court appointed attorney Dana Carron on 3/3/23 after prior counsel was granted leave to withdraw on 2/21/23.

v

<u>ISSUES PRESENTED FOR REVIEW</u>

I. WHETHER ASSIGNED APPELLATE COUNSEL SHOULD BE ALLOWED TO WITHDRAW FROM FURTHER REPRESENTATION OF ROBERT GEMEINHARDT BECAUSE COUNSEL HAS FOUND NO NON-FRIVOLOUS APPELLATE ISSUES?

(In accordance with the requirements of <u>Anders v. California</u>, present counsel presents the following issues below, which might arguably support Mr. Gemienhardt's appeal:)

II. WHETHER MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAIVER IS VOID?

III. WHETHER MR. GEMIENHARDT MAY WISH TO ASSERT THAT HE DID NOT INTELLIGENTLY AND VOLUNTARILY ENTER HIS PLEA BECAUSE HE ENTERED IT UNDER THE GUIDANCE OF THE INEFFECTIVE ASSISTANCE OF COUNSEL WHERE THERE IS NO EVIDENCE THAT HE IS CULPABLE SINCE (HE NOW ASSERTS) IT IS NOT HE WHO IS NAKED IN THE PHOTOS USED TO ESTABLISH HIS GUILT, AND ALL OF THE INCULPATING TEXT MESSAGES WERE JUST FANTASY TALK, AND THEREFORE HE SHOULD BE ALLOWED TO WITHDRAW HIS PLEA?

IV. WHETHER MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAS NOT PROPERLY TAKEN BY THE COURT?

V. WHETHER MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS SENTENCE WAS IMPROPER?

VI. WHETHER MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS ATTORNEY WAS INEFFECTIVE FOR NOT MOTIONING TO WITHDRAW HIS PLEA, EITHER BEFORE OR AFTER HE WAS SENTENCED?

VII. WHETHER MR. GEMIENHARDT MAY WISH TO ASSERT THAT THE PLEA WAIVER IS INVALID BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR ALLOWING DEFENDANT TO ENTER THE PLEA BARGAIN WITHOUT HAVING FIRST CHALLENGED THE EVIDENCE WITH PRETRIAL MOTIONS?

VIII. WHETHER MR. GEMIENHARDT MAY WISH TO ASSERT THAT THE PLEA WAIVER IS INVALID BECAUSE PROSECUTORIAL MISCONDUCT LED HIM TO ENTER THE PLEA BARGAIN?

IX. WHETHER MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAS ENTERED AS A RESULT OF PROMISES OR THREATS MADE OFF-THE-RECORD?

## STATEMENT OF THE CASE

On 9/20/22, Appellant pled guilty in the United States District Court for the Southern District of Ohio, in case number 2:22CR00152, to Sexual Exploitation of a Minor 18 U.S.C. §§ 2251(a) and (e); and possession of Child Pornography Depicting a Prepubescent Minor 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  On 2/16/23 he was sentenced, and on 2/17/23 the final Judgement and Commitment was entered in the United States District Court for the Southern District of Ohio.

Appellant will not agree to withdraw his appeal.  Counsel for Appellant is unable to identify any reasonable non-frivolous appellate issue.

STATEMENT OF FACTS

A.     The Offense Conduct

The investigation into the instant offense was conducted by the Federal Bureau of Investigations (FBI) in conjunction with the Hocking County Sheriff's Department (HCSO), Columbus Police Department (CPD), National Center for Missing and Exploited Children (NCMEC), and the Ohio Internet Crimes Against Children (ICAC) task force in Franklin County, Ohio.  The investigation determined that between April 2020 and February 2022, Robert B. Gemienhardt and Carrie Daniels sexually abused Daniels' children by producing and exchanging visual images of the minors engaged in sexually explicit conduct.  Additionally, numerous images depicting the sexual abuse of minors were exchanged and stored on both Gemienhardt and Daniels' cellular phones.  Videos depicting child pornography were also located on Gemienhardt's cellular phone and laptop.  Mr. Gemienhardt was registered as a Tier I sex offender and on Non-Reporting Probation at the time of the offense.(Presentence Investigation Report p.6)Internal document

On December 30, 2021, the FBI received information on a Cybertipline Report sent to (NCMEC) by Kik Messenger services (KIK).  According to investigators, KIK is a chat application for mobile devices, which allows users to send text messages, pictures, and videos to other users. Users can communicate directly or in a group chat.  To sign up for a KIK account, the user must provide an email address and unique username, which is displayed while

chatting with others. KIK located suspected child pornography in a Kik account registered under the username xxxbigdxxx.  The username was registered to the email address redrobin_mgr@hotmail.com.  It was later determined that xxxbigdxxx was Robert Gemienhardt.(Presentence Investigation Report p.6)Internal document

    KIK informed the FBI that between November 14, 2021 and November 23, 2021, 14 files depicting child sexual abuse material had been transmitted over Gemienhardt's account.  Seven of the files were identified using the MD5 hash matching method. Examples of the images distributed are as follow: a nude prepubescent female with an adult male penis inserted into her anal cavity and a white substance believed to be semen covering her genitalia; an image depicting two nude prepubescent females, each on their hands and knees, preparing to kiss each other with their nude vagina and anus exposed to the camera; and a zoomed in angle of a pubescent female with her underwear pulled down, exposing her nude vagina. NCMEC identified the IP address used to upload the material was associated with the Spectrum customer Carrie Daniels, located at 1167 Charles Street in Logan, Ohio.  The information was sent to ICAC who forwarded it to the HCSO. (Presentence Investigation Report p.6-7)Internal document

    The investigation confirmed that Gemienhardt was a Tier I sex offender as the result of a conviction of Sexual Imposition on July 6, 2021, in Franklin County Common Pleas Court, Columbus, Ohio, Docket No. 20CR4153. He was sentenced to six months Non-Reporting

Probation and his case successfully terminated on December 7, 2021. The Ohio sex offender registry listed Gemienhardt's address as 1167 Charles Street in Logan, Ohio.  The residence is owned by Carrie Daniels and was also the home of her four minor children: Minor Child 1 (MC1), age five; Minor Child 2 (MC2), age 12; Minor Child 3 (MC3), age 15; and Minor Child 4 (MC4), age 17.  HCSO conducted surveillance and noted several children's toys outside the residence.  The investigation determined that MC1 and MC2 are the result of Daniels' second marriage to Sam Daniels, and MC3 and MC4, are the result of Daniels' first marriage to Steven Bowlby.(Presentence Investigation Report p.7)Internal document

On February 23, 2022, HCSO contacted Gemienhardt in accordance with the terms of his sex offender registry and requested to meet with him the following day.  On February 24, 2022, Gemienhardt met with officers at the HCSO.  During questioning, he admitted his KIK user name was xxxbigdxxx and that he had used the redrobin_mgr@hotmail.com email address to register his KIK account. Gemienhardt admitted he had used KIK to view child pornography in the past; that he viewed and possessed child pornography; and that he had distributed those images online.  Subsequent to Gemienhardt's arrest, Daniels was informed of the investigation into her boyfriend and MC1 through MC4.  She denied knowledge of Gemienhardt's child exploitation activities.(Presentence Investigation Report p.7)Internal document

HCSO obtained search warrants which resulted in the seizure of

two Samsung Galaxy Note 10+ cellular phones (one blue and one black) and one desktop computer.  A subsequent forensic examination of the items revealed over 1,000 text messages between Gemienhardt and Daniels discussing all four Minor Children in a sexual manner. The conversations regarding the minor children included illicit and detailed sexual fantasies about each child between December 2020 and February 2022. In a conversation between Gemienhardt and Daniels on December 30, 2020, they discussed MC3, who was 13 years old at the time.  The following is an exert of the conversation:

   Gemienhardt: The way (MC3) keeps grabbing your boobs…the idea of you tasting her pussy.

   Daniels: You want me to?

   Gemienhardt: The idea is naughty and hot.

   Gemienhardt: It would be hot to see you both naked touching each other.

   Gemienhardt: The idea of you pleasing her.

   Daniels: Tell me more.

      (Presentence Investigation Report p.7)Internal document


   In a conversation on November 24, 2021, Daniels asked Gemienhardt to send a "dick pic while (MC1) is looking at (Daniels') phone."  In response, Gemienhardt distributed an image of his nude, erect penis to Daniels.  Subsequent to sending the picture, Gemienhardt distributed a 13 second video to Daniels of himself masturbating and ejaculating into a pair of MC4's

-4-

underwear.  MC4 would have been 17 years old at the time of the video.  The underwear was laying on MC4's bed.  Daniels responded, "I love it, (MC1) looked at it…even recognized the bed.  MC1 knows your cock."  MC1 would have been four years old at the time the video was shown to her.(Presentence Investigation Report p.7-8)Internal document

On February 15, 2022, Daniels texted Gemienhardt and asked if he "liked having sex with (her) with MC1 watching."  He responded, "sure," to which Daniels replied, "just wondered … she watched you eat my pussy and watched me play and have an orgasm."  MC1 would have been five years at the time the messages were exchanged.(Presentence Investigation Report p.8)Internal document

Further forensic analysis of Gemienhardt's black Samsung phone revealed images of MC1 and Daniels to include an image of MC1 at age three, laying on her back nude from the waist up, pulling aside her underwear to expose her vagina.  This file was last accessed on June 10, 2020.  Another image of MC1 at age three, laying on a bed with her right hand fully inserted into the nude vagina of Daniels. This image was last accessed on June 14, 2020.  An image of MC1 at age three shows her laying on a bed fully nude and with her legs spread apart exposing her vagina and anus while laying between the legs of Daniels who was nude from the waist down with her vagina next to MC1's buttocks.  This file was last accessed on June 28, 2020.  An image of MC1 at age four, laying on a bed nude from the waist down with a sexual device between her legs while Daniels laid

beside her nude, masturbating with a different sexual device.  This file was last accessed on June 28, 2020.(Presentence Investigation Report p.8)Internal document

After investigators determined Daniels was involved in the offense, she was arrested by HCSO on March 7, 2022, and her blue Samsung phone was seized.  Forensic analysis of Daniels' phone revealed additional images to include an image of the nude vagina of MC1 at age three laying on top of a picture of the nude vagina of Daniels, with a picture of Gemienhardt's nude penis between them.  The image was last accessed on June 13, 2020.  Three images of MC1 at age 3 show her nude from the waist up, with the nude, erect penis of Gemienhardt in her face next to her mouth and nose. These images were last accessed on August 27, 2020.  An additional image of MC1 at age three shows her nude from the waist up, sitting between the legs of a second adult and holding the nude, erect penis of Gemienhardt with both of her hands, while he laid on his side.  This file was last accessed on August 28, 2020.(Presentence Investigation Report p.8)Internal document

In additional to the nude images of MC1 recovered from Gemienhardt and Daniels' phones, four images of MC2 at age nine, fully nude and posed in the shower, were recovered from Gemienhardt's phone.  The images were last accessed on July 7, 2020.(Presentence Investigation Report p.8)Internal document

During the FBI investigation, agents were able to recover child pornography from Gemienhardt's computer and cellular telephone

resulting in the recovery of 1,100 images and 371 videos of child
sexual abuse material.  The images included prepubescent males and
females as young as toddler age, engaged in nudity, oral sex,
bestiality, masturbation, and/or sexual activity with adults.  One
of the images depicted a female toddler laying on a changing table
with her diaper underneath her and an adult male hand spreading
apart her vagina, which appeared to have semen on it.  One 47
second video depicted a nude female between the age of 8 and 10
years old, preforming oral sex on what appeared to be a canine.
The aforementioned image and video were contained on the black
Samsung phone.  The blue Samsung phone had 30 images of child
sexual abuse material which included an image of a nude 12 to 14
year old female tied up with a red rope, laying on a bed with her
hands behind her back.  Search terms located on the Samsung phone
included, "5yo, Preteen, 12yo, niece, sleeping daughter, panties,
daughter, sister, cum, sleeping."(Presentence Investigation Report
p.8-9)Internal document

Gemienhardt admitted to investigators that he met Daniels on a
dating application in April 2020, which was during his Sexual
Imposition court proceedings in Franklin County.  Gemienhardt
admitted to having sexual intercourse with Daniels while one of her
children was in the bed.  He also disclosed that Daniels sent him a
nude picture of one of her children.  When questioned about why his
penis appeared in a photograph with MC1, he stated that when he had
exited the shower and walked across the bedroom to get dressed, MC1

-7-

grabbed his erect penis and Daniels took a photograph. He further explained that MC1's hand was only on his penis a fraction of a second and that Daniels deleted the image right away. Gemienhardt indicated he did not remember taking a photograph of his penis, Daniels' vagina, and MC1's vagina. Additionally, he could not explain why his penis was in the photograph. Gemienhardt made additional admissions relating to the xxxbigdxxx KIK account belonging to him.(Presentence Investigation Report p.9)Internal document

In summary, between April 2020 and February 2022, Gemienhardt and Daniels exchanged over 1,000 text messages discussing all four minor children in sexual manners. Gemienhardt's computer and cellular phones contained 1,100 images and 371 videos of child sexual abuse material, which included images of prepubescent males and females as young as toddler age, engaged in nudity, oral sex, bestiality, masturbation, or sexual activity with adults. Gemienhardt and Daniels' sexually abused Daniels' children by producing and exchanging visual images of the minors engaged in sexually explicit conduct. Gemienhardt is a Tier I sex offender and was under a criminal justice sentence for a sex offense at the time of the offense.(Presentence Investigation Report p.9)Internal document


B.    The Guilty Plea

On 9/20/22, Appellant pled guilty in the United States District Court for the Southern District of Ohio, in case number 2:22CR00152, to Sexual Exploitation of a Minor 18 U.S.C. §§ 2251(a) and 9e); and possession of Child Pornography Depicting a Prepubescent Minor 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), pursuant to a Rule 11(c)(1)(C) Plea Agreement in which sentencing was left to the sole discretion of the judge.(Plea Agreement, R.26 Page ID # 47)

The probation officer calculated the guideline sentencing imprisonment range to be LIFE, however, since the statutorily authorized maximum sentences were less than LIFE, then the guidelines maximum term is 600 months (360 months on Count 1, and 240 months on Count 2). (Presentence Investigation Report p.21) Internal document

The Plea Agreement included the following waiver of appeal:

> **Waiver of Appeal**: In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the convictions and sentence imposed, except if the sentence imposed exceeds the statutory maximum. The Defendant also waives the right to attack his convictions or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255 and 18 U.S.C. § 3582. However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct. (Emphasis supplied)
>
> (Plea Agreement, R.26 Page ID # 46)
>
> **Acceptance of Plea Agreement:** The Defendant understands that the Court is not be bound by the sentencing recommendations or stipulations of by the parties and that it is within the sole discretion of the Court to impose the sentence in this case. (Emphasis supplied)
>
> (Plea Agreement, R.26 Page ID # 47)

The District Court accepted Mr. Gemienhardt's guilty plea during a hearing on 9/20/22. (Plea Transcript, R.56 Page ID # 342) The record indicates that Rule 11 was fully complied with, and that the District Court made every reasonable effort to ascertain that Mr. Gemienhardt relinquished his rights knowingly and voluntarily when he waived indictment and pled Guilty. (Plea Transcript, R.56 Page ID # 328-342).

C. Sentencing

Sentencing was held 2/16/23.  Defendant's sentencing guidelines were scored at 360 months for Count 1 - Sexual Exploitation of a Minor; and 240 months for Count 2 - Possession of Child Pornography Depicting a Prepubescent Minor.(Sentencing Transcript, R.57 Page ID # 419)

In accordance with his plea agreement which allowed for any sentence not over the statutory maximum of 30 years for Count 1, and 20 years for Count 2, the judge sentenced Mr. Gemienhardt to 360 months for Sexual Exploitation of a Minor; and 180 months for Possession of Child Pornography Depicting a Prepubescent Minor.(Sentencing Transcript, R.57 Page ID # 426)

On 2/17/23 the final Judgement and Commitment was entered in the United States District Court for the Southern District of Ohio.

After reviewing the lower court file, apart from the transcripts, present appellate counsel spoke to Mr. Gemienhardt  on

3/13/23, for three hours in-person, discussing this case. Mr.
Gemienhardt firmly indicated that he want counsel to find an issue
to allow the plea to be withdrawn in this matter. After receipt of
the transcripts; further review of the entire file; and
consultation with trial counsel, present appellate counsel
consulted with Defendant for over 1.5 hours on 4/25/23, and advised
Mr. Gemienhardt that there are no non-frivolous issues which can be
raised in this matter. Despite counsel's conclusion, Gemienhardt
remained adamant that there must be some issue that counsel can
raise to get the plea withdrawn. Defendant indicated that the only
reason he has no idea what that issue would be, is because he is
not an attorney. Mr. Gemienhardt has indicated that under no
condition will he voluntarily withdraw his appeal.

## SUMMARY OF THE ARGUMENT

Counsel for Mr. Gemienhardt respectfully contends that he should be allowed to withdraw from further representation of Mr. Gemienhardt in this cause due to his conclusion that this appeal is without merit.  Mr. Gemienhardt entered a guilty plea pursuant to a plea agreement in which he waived his right to appeal.

Present appellate counsel can not find any non-frivolous grounds to appeal, since 1) the appeal waiver is not void; 2) the plea proceedings were proper; 3) counsel was not ineffective for allowing Defendant to plead guilty where the evidence against him was overwhelming; 4) the given sentence was proper because it did not depart from the sentence agreed to within the plea agreement; 5) defense counsel was not ineffective for failing to file pretrial motions or attempting to withdraw the plea; 6) there were no significant off-the-record promises or threats which Defendant made counsel aware of; and 7) there was no known prosecutorial misconduct.

Appointed counsel files this Anders brief, in conjunction with a motion to withdraw as counsel, because counsel believes there are no non-frivolous issues.

<u>ARGUMENT</u>

**I. ASSIGNED APPELLATE COUNSEL SHOULD BE ALLOWED TO WITHDRAW FROM FURTHER REPRESENTATION OF ROBERT GEMEINHARDT BECAUSE COUNSEL HAS FOUND NO NON-FRIVOLOUS APPELLATE ISSUES.**

STANDARD OF REVIEW: Under *Anders v. California*, 386 U.S. 738, 744-45 (1967), this Court is required to make an independent review of the record. *United States v. Simmons*, 812 F.2d 561, 562n.1(9th Cir. 1987).

In <u>Anders v. California</u>, 386 U.S. 738 (1967), the United States Supreme Court acknowledged the dilemma which often confronts defense counsel when an indigent client insists that counsel file an appeal which counsel feels is not warranted.  386 U.S. 738 (1967)  While it is true that defense counsel's role as an advocate requires that he support his client's appeal to the best of his ability, in the event that he finds his client's case to be wholly frivolous after a conscientious examination of it, he should advise the court and request permission to withdraw. <u>Id</u>, at 744  Counsel's request must be accompanied by a brief which refers to anything in the record that might arguably support the client's appeal. <u>Id</u>. Counsel should furnish the client with a copy of the brief and the client should be allowed sufficient time to raise any points that he chooses. <u>Id</u>  The Court then proceeds to fully examine all of the proceedings in order to determine whether the case is wholly frivolous. <u>Id</u>  If the court finds that the appeal is frivolous, counsel shall be allowed to withdraw and the Court will dismiss the appeal. <u>Id</u>  However, if the court finds any of the legal points arguable on their merits, it must, prior to rendering a decision,

-13-

provide the client with the assistance of counsel in order to argue the appeal. Id

In the instant matter, counsel has conscientiously examined the case and has concluded that an appeal would be frivolous. This conclusion is based on the fact that the plea agreement in this matter included Mr. Gemienhardt having waived his appellate rights. While that waiver did provide for three exceptions (1. a departure from his agreed upon sentence; 2. the ineffective assistance of counsel; or 3. prosecutorial misconduct), counsel did not find that any of those exceptions occurred in the instant case. Therefore, presently assigned counsel seeks to withdraw upon compliance with the procedures enumerated in the Supreme Court's holding in Anders v. California.

In accordance with the requirements of Anders v. California, present counsel continues with the following issues which might arguably support Mr. Gemienhardt's appeal:

## II. MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAIVER IS VOID.

STANDARD OF REVIEW: The appellate court reviews the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement, de novo. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). A waiver provision in a plea agreement is binding as long as it was made knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012).

Mr. Gemienhardt executed a plea agreement containing an appeal-waiver provision. That provision indicates that "In exchange for concessions made by the USAO in this Plea Agreement, the Defendant waives his right to appeal the conviction and sentence imposed." Mr. Gemienhardt, however, retained the right to appeal a sentence above "the statutory maximum", and the right to pursue "claims of ineffective assistance of counsel or prosecutorial misconduct" on appeal.(Plea Agreement, R.26, Page ID # 46)

During the plea hearing, the district court reviewed the appeal waiver provision contained in the plea agreement. The district court inquired whether Mr. Gemienhardt agreed with and understood each portion of the appeal-waiver provision. Mr. Gemienhardt responded affirmatively. He also stated that he read the entire plea agreement, discussed it with his attorney, and initialed each page of the agreement. Nothing in the record suggests that Mr. Gemienhardt's assent to the appeal-waiver provision was unknowing or involuntary. Under these circumstances, Mr. Gemienhardt waived his right to appeal his convictions and sentence upon execution of his plea agreement. See *Toth*, 668 F.3d at 378. The record

-15-

indicates that the appeal waiver is valid. Therefore, this issue would be frivolous to argue on appeal.

### III. MR. GEMIENHARDT MAY WISH TO ASSERT THAT HE DID NOT INTELLIGENTLY AND VOLUNTARILY ENTER HIS PLEA BECAUSE HE ENTERED IT UNDER THE GUIDANCE OF THE INEFFECTIVE ASSISTANCE OF COUNSEL WHERE THERE IS NO EVIDENCE THAT HE IS CULPABLE SINCE (HE NOW ASSERTS) IT IS NOT HE WHO IS NAKED IN THE PHOTOS USED TO ESTABLISH HIS GUILT, AND ALL OF THE INCULPATING TEXT MESSAGES WERE JUST FANTASY TALK, AND THEREFORE HE SHOULD BE ALLOWED TO WITHDRAW HIS PLEA.

STANDARD OF REVIEW:  Ineffective assistance of counsel is normally reviewed de novo, *Strickland v. Washington*, 466 U.S. 668, 686 (1984), however, since this issue was not previously raised in the trial court, the appellate court reviews it for plain error, which also requires Defendant show (1) error (2) that "was obvious or clear," (3) that "affected defendant's substantial rights" and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir.2006)

Mr. Gemienhardt told present counsel he is not guilty of this offense, and that he believes there is no valid evidence that he is culpable, since he never personally saw the photos alleged to be him naked with the children that were used to establish his guilt; and the massive amount of guilt inferring texts which he took part in were just fantasy talk.

Even if the appeal waiver is "enforceable", the rule is that it is not enforceable if the plea itself is not enforceable due to not having been intelligently entered.  In order to be valid, a guilty plea by a criminal defendant must be "intelligent and

-16-

voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  In some circumstances, an attorney's ineffective assistance may render a defendant's plea involuntary and/or unknowing. See *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). A defendant who claims that his plea was involuntary and/or unknowing based upon his lawyer's ineffectiveness must satisfy the familiar two-part test from *Strickland v. Washington*, 466 U.S. 668 (1984). See Id. at 57-58. More specifically, he must show that (1) counsel's performance was deficient and (2) absent the deficient performance, there is a reasonable probability that the defendant "would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

Defendant told present counsel that he does not think that the relevant photos are of him, and that the enormous amount of text messages were just fantasy talk, however, present counsel's investigation indicated otherwise after present counsel spoke with prior counsel and was informed how Defendant had been identified in the photos thru his admission; comparison with other full-body naked photos of Defendant; the timing of the offense relative to his relationship with the co-defendant whose minor children were involved; and a massive amount of texts between Defendant and Co-defendant that referred to them committing crimes of this nature.

A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694. The likelihood of a different result only need be reasonable.

While, if in fact these photos were not Mr. Gemienhardt, then he would have a substantial argument that his attorney was

-17-

ineffective for either convincing him, or allowing him, to plead guilty -- Present appellate counsel consulted with prior counsel, who verified that she had viewed the relevant photos, and verified that they were in fact of Defendant's naked body with the child. She indicated that other recovered images of the full naked body of Mr. Gemienhardt, taken alone, could be used to compare and verify it was the same genitalia. She also indicated that the timing of his relationship with his co-defendant (mother of the naked children in the images; Co-defendant's implication of Defendant; incriminating admissions that Defendant made about another child porn image; and the extensive amount of texts that Defendant and Co-defendant exchanged regarding sex acts which they had performed or planned to perform with the minor children, all cemented his identity.

Present appellate counsel found nothing to indicate that Mr. Gemienhardt was not culpable, or that his trial counsel was ineffective. Therefore, it would be frivolous to raise this issue on appeal.

## IV.    MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAS NOT PROPERLY TAKEN BY THE COURT.

STANDARD OF REVIEW:  Since this issue was not previously raised in the trial court, the appellate court reviews it for plain error, which requires Defendant show (1) error (2) that "was obvious or clear," (3) that "affected defendant's substantial rights" and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir.2006)

Again, even if the appeal waiver is enforceable, it is not enforceable if the plea itself is not enforceable due to significant defects in the taking of the plea.

The Federal Rules of Criminal Procedure, at Rule 11(a) provides for the proper taking a plea:

(a) Entering a Plea.

    (1) In General. A defendant may plead not guilty, guilty, or (with the court's consent) nolo contendere.

    (2) Conditional Plea. With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.

    (3) Nolo Contendere Plea. Before accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice.

    (4) Failure to Enter a Plea. If a defendant refuses to enter a plea or if a defendant organization fails to appear, the court must enter a plea of not guilty.

(b) Considering and Accepting a Guilty or Nolo Contendere Plea.

    (1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and

-19-

determine that the defendant understands, the following:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a);

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

(O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

(2) Ensuring That a Plea Is Voluntary. Before accepting
a plea of guilty or nolo contendere, the court must
address the defendant personally in open court and
determine that the plea is voluntary and did not result
from force, threats, or promises (other than promises in a
plea agreement).

(3) Determining the Factual Basis for a Plea. Before
entering judgment on a guilty plea, the court must
determine that there is a factual basis for the plea.

Mr. Gemienhardt was placed under oath.(Plea Transcript, R.56
Page ID # 324)  The judge established that Mr. Gemienhardt could
read and write English, had taken some college courses, was not
under the care of a doctor and was not under the influence of drugs
or alcohol.(Plea Transcript, R.56 Page ID # 325)  Defendant's
attorney indicated that she had no doubts regarding Defendant's
competence at that time.(Plea Transcript, R.56 Page ID # 325)
Defendant indicated that his attorney had access to all of the
facts and information necessary to give him proper legal advice,
and he was satisfied with that advice.(Plea Transcript, R.56 Page
ID # 329)

The Judge then read to Mr. Gemienhardt the charges that he was
pleading to, and what the government would need to prove if the
case were taken to trial; and the minimum and maximum penalties.
Rule 11(b)(1)(H), and Rule 11(b)(1)(I); and the special assessment
obligation, the applicable forfeiture provision, and the
restitution obligation. Rule 11(b)(1)(J), (K) and (L) (Plea
Transcript, R.56 Page ID # 329-332).  Mr. Gemienhardt stated that
he was a United States citizen, so the judge was not required to go
over the potential immigration consequences of conviction. Rule

-21-

11(b)(1)(O), (Plea Transcript, R.56 Page ID # 332)

Judge Sargus went over Mr. Gemienhardt's trial rights with him, including the right to plead not guilty and go to trial, Rule 11(b)(1)(B), (C), (Plea Transcript, R.56 Page ID # 334) ; the right to an attorney at all stages of the proceeding, including an appointed attorney if necessary, Rule 11(b)(1)(D), (Plea Transcript, R.56 Page ID # 334) ; the rights to confront and cross-examine witnesses, to avoid compelled self- incrimination, to testify, to call other witnesses, and to compel the presence of other witnesses. Rule 11(b)(1)(E), (Plea Transcript, R.56 Page ID # 334)   Mr. Gemienhardt confirmed his understanding that by entering a plea of guilty, there would be no further trial of any kind, and that he would be waiving his right to a jury trial. Rule 11(b)(1)(F). (Plea Transcript, R.56 Page ID # 334)

With regard to the nature of the charges, Judge Sargus read the charges, and specified the elements needed to prove the charges and the venue requirements. Rule 11(b)(1)(G), (Plea Transcript, R.56 Page ID # 329-331)  Judge Sargus also told Mr. Gemienhardt that in imposing sentence, the Court would be obligated to calculate the applicable sentencing Guidelines range, and consider the other § 3553(a) factors, in determining a sentencing range. Rule 11(b)(1)(M), (Plea Transcript, R.56 Page ID # 333)

Consistent with the procedure to be followed when there is a plea agreement, Rule 11(C), the plea agreement was before the Judge, and he had the prosecutor read the terms of that agreement, which included amongst other things that Defendant agreed to the

incorporated stipulation of facts; his sentencing guidelines calculations; and his waiver of the right to appeal his conviction.(Plea Transcript, R.56 Page ID # 335-339)

Judge Sargus determined that the plea was voluntary, establishing that no threats or promises had been made to Mr. Gemienhardt to make him plead guilty, no one was forcing him to plead guilty, and Defendant understood the terms of the plea agreement. Rule 11(b)(2), (Plea Transcript, R.56 Page ID # 342) Judge Sargus also noted that the factual basis for the plea was supported by the Statement of Facts of the Plea Agreement. Rule 11(b)(3),(Plea Transcript, R.56 Page ID # 342)

Judge Sargus's plea colloquy addressed every delineated element of Rule 11. As such, it facially demonstrated that Mr. Gemienhardt's plea colloquy was knowing, competent and voluntary.

A criminal defendant is ordinarily "bound by" his statements during a properly-administered plea-colloquy. *Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). But a defendant is not necessarily barred from obtaining relief based upon post-plea statements that conflict with the plea colloquy if the defendant demonstrates "extraordinary circumstances, or some explanation of why defendant did not reveal" the conflicting information during the plea colloquy. Id. Mr. Gemienhardt has not informed present counsel of any such extraordinary circumstances or significant reason why he did not reveal conflicting information during the colloquy.

Therefore, present counsel has no non-frivolous issues that he can raise regarding the plea proceedings.

-23-

## V.  MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS SENTENCE WAS IMPROPER.

STANDARD OF REVIEW:  Since this issue was not previously raised in the trial court, the appellate court reviews it for plain error, which requires Defendant show (1) error (2) that "was obvious or clear," (3) that "affected defendant's substantial rights" and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir.2006)

Although Mr. Gemienhardt reserved the right to appeal his sentence if it exceeded the statutory mandatory minimum, or the maximum sentence recommended either by statute or the advisory sentencing guidelines, those circumstances are not present in this case.  Mr. Gemienhardt faced a statutory mandatory minimum sentence of 180 months of imprisonment for the exploitation-of-children conviction. See 18 U.S.C. § 2251(e). The statutory maximum sentences that Mr. Gemienhardt faced were thirty years of imprisonment for the convictions regarding the exploitation of a minor and travel with the intent to engage in illicit sexual conduct, and twenty years of imprisonment for the conviction regarding the receipt of a visual depiction of a minor engaged in sexually explicit conduct. See 18 U.S.C. §§ 2251(e), 2252(b)(1), and 2423(b).  The maximum sentences Mr. Gemienhardt faced under the advisory sentencing guidelines were 360 months and 240 months respectively.  Because Mr. Gemienhardt was sentenced to serve 360 months and 180 months respectively, in prison, his sentence did not exceed either the statutory maximums, or the maximum sentence recommended by the advisory sentencing guidelines.  Therefore, this issue would be frivolous to argue on appeal.

-24-

**VI.  MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS ATTORNEY WAS INEFFECTIVE FOR NOT MOTIONING TO WITHDRAW HIS PLEA, EITHER BEFORE OR AFTER HE WAS SENTENCED.**

STANDARD OF REVIEW:  Ineffective assistance of counsel is normally reviewed de novo, *Strickland v. Washington*, 466 U.S. 668, 686 (1984), however, since this issue was not previously raised in the trial court, the appellate court reviews it for plain error, which also requires Defendant show (1) error (2) that "was obvious or clear," (3) that "affected defendant's substantial rights" and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir.2006)

The Federal Rules of Criminal Procedure, for withdrawing a plea, provides at Rule 11(d) and (e) as follows:

(d) <u>Withdrawing a Guilty or Nolo Contendere Plea</u>. A defendant may withdraw a plea of guilty or nolo contendere:

(1) before the court accepts the plea, for any reason or no reason; or

(2) after the court accepts the plea, but before it imposes sentence if:

(A) the court rejects a plea agreement under Rule 11(c)(5); or

(B) the defendant can show a fair and just reason for requesting the withdrawal.

(e) Finality of a Guilty or Nolo Contendere Plea. After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

Prior to the conglomerate codification of plea procedures under the current Rule 11, this court analyzed the old rule for plea withdrawal under Rule 32(e) in *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), cert. denied, 513 U.S. 1115 (1995).  There, this circuit gave the following non-exhaustive list of things that

should be considered when the court is faced with a defendant
asking to withdraw his plea: "(1) the amount of time that elapsed
between the plea and the motion to withdraw it; (2) the presence
(or absence) of a valid reason for the failure to move for
withdrawal earlier in the proceedings; (3) whether the defendant
has asserted or maintained his innocence; (4) the circumstances
underlying the entry of the guilty plea; (5) the defendant's nature
and background; (6) the degree to which the defendant has had prior
experience with the criminal justice system; and (7) potential
prejudice to the government if the motion to withdraw is granted."
Id. at 1181.  The *Bashara* court stated that, "Courts have noted
that the aim of [Rule 32(e)] is to allow a hastily entered plea
made with unsure heart and confused mind to be undone, not to allow
a defendant to make a tactical decision to enter a plea, wait
several weeks, and then obtain a withdrawal if he believes he made
a bad choice in pleading guilty." Id.

In accordance with his plea agreement, Mr. Gemienhardt was
sentenced in accordance with his plea agreement, which allowed for
any sentence within his guidelines range and not over the statutory
maximum, so his sentence cannot be a basis for requesting plea
withdrawal.

While Defendant currently maintains his innocence, the evidence
overwhelmingly indicates to the contrary.

Mr. Gemienhardt has not indicated to present counsel anything
which could be construed as a fair and just reason for withdrawal
of his guilty plea prior either prior to, or subsequent to

sentencing, ....therefore, it cannot be asserted that defense
counsel was ineffective for not requesting plea withdrawal at any
time.  Therefore, this issue would be frivolous to argue on appeal.

**VII. MR. GEMIENHARDT MAY WISH TO ASSERT THAT THE PLEA
WAIVER IS INVALID BECAUSE TRIAL COUNSEL WAS INEFFECTIVE
FOR ALLOWING DEFENDANT TO ENTER THE PLEA BARGAIN WITHOUT
HAVING FIRST CHALLENGED THE EVIDENCE WITH PRETRIAL
MOTIONS.**

STANDARD OF REVIEW:  Ineffective assistance of counsel is
normally reviewed de novo, *Strickland v. Washington*, 466
U.S. 668, 686 (1984), however, since this issue was not
previously raised in the trial court, the appellate court
reviews it for plain error, which also requires Defendant
show (1) error (2) that "was obvious or clear," (3) that
"affected defendant's substantial rights" and (4) that
"affected the fairness, integrity, or public reputation of
the judicial proceedings." *United States v. Gardiner*, 463
F.3d 445, 459 (6th Cir.2006)

Mr. Gemienhardt may wish to assert ineffective assistance of
counsel due to a failure to file pretrial motions.  Trial counsel
cannot be said to have been ineffective for the failure to file
pretrial motions, as pretrial motions are not appropriate at the
plea phase of the proceedings, which is only as far as Mr.
Gemienhardt went.

There is nothing whatsoever to indicate that counsel's
performance was deficient in order to satisfy the first prong of
the *Strickland* standard.  Furthermore, in order to show "prejudice"

-27-

under *Strickland*, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  There is also nothing whatsoever to indicate that this is the case.

Wherefore, appointed appellate counsel believes that this issue would be frivolous to argue on appeal.

**VIII. MR. GEMIENHARDT MAY WISH TO ASSERT THAT THE PLEA WAIVER IS INVALID BECAUSE PROSECUTORIAL MISCONDUCT LED HIM TO ENTER THE PLEA BARGAIN.**

STANDARD OF REVIEW:  Since this issue was not previously raised in the trial court, the appellate court reviews it for plain error, which requires Defendant show (1) error (2) that "was obvious or clear," (3) that "affected defendant's substantial rights" and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir.2006)

No one has alleged to present counsel that prosecutorial misconduct occurred, and counsel has found nothing to even imply that such conduct occurred.  Therefore, this issue would be frivolous to argue on appeal.

-28-

### IX. MR. GEMIENHARDT MAY WISH TO ASSERT THAT HIS PLEA WAS ENTERED AS A RESULT OF PROMISES OR THREATS MADE OFF-THE-RECORD.

STANDARD OF REVIEW:  Since this issue was not previously raised in the trial court, the appellate court reviews it for plain error, which requires Defendant show (1) error (2) that "was obvious or clear," (3) that "affected defendant's substantial rights" and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir.2006)

Mr. Gemienhardt has not indicated to present counsel that there were any unfulfilled off-the-record promises made to him to get him to plead guilty, nor that he was improperly forced to plead guilty. Furthermore, at his plea hearing, Judge Sargus established that no threats or promises had been made to Mr. Gemienhardt to make him plead guilty; and no one was forcing him to plead guilty,(Plea Transcript, R.56 Page ID # 342), therefore this issue would be frivolous to argue on appeal.

CONCLUSION

Appointed counsel files this Anders brief, in conjunction with a motion to withdraw as counsel, because counsel believes there are no non-frivolous issues.

Counsel for Mr. Gemienhardt respectfully contends that he should be allowed to withdraw from further representation of Mr. Gemienhardt in this cause due to his conclusion that this appeal is without merit.  Mr. Gemienhardt entered a guilty plea pursuant to a plea agreement in which he waived his right to appeal.

Present appellate counsel can not find any non-frivolous grounds to appeal, since 1) the appeal waiver is not void; 2) the plea proceedings were proper; 3) counsel was not ineffective for allowing Defendant to plead guilty where the evidence against him was overwhelming; 4) the given sentence was proper because it did not depart from the sentence agreed to within the plea agreement; 5) defense counsel was not ineffective for failing to file pretrial motions or attempting to withdraw the plea; 6) there were no significant off-the-record promises or threats which Defendant made counsel aware of; and 7) there was no known prosecutorial misconduct.

Appointed counsel is unable to identify any reasonable, non-frivolous appellate issue which may assist the defendant in achieving relief from his conviction in this case, and therefore respectfully presents this brief in accordance with the holding of Anders v. California, 386 U.S. 738 (1967), while seeking to have

the appointment of present counsel withdrawn.

Respectfully submitted,

/s/  Dana B. Carron

Dated: 5/2/23

Dana B. Carron
Attorney for Appellant
17301 Livernois Ave., Ste.331
Detroit, MI 48221
(313) 312-4621

CERTIFICATE OF WORD-COUNT COMPLIANCE

Attorney Dana B. Carron certifies that this brief is in compliance with FRAP 32(g), as this document contained only 7571 words.

/s/ Dana B. Carron

-31-

## **Certificate Of Service**

I certify that on 5/2/23, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.


/s/ Dana B. Carron

Dana B. Carron
Attorney for Appellant
17301 Livernois Ave., Ste.331
Detroit, MI 48221
(313) 312-4621

### **Designation Of Relevant District Court Documents**

R.26 Sealed     Plea Agreement, Page ID # 46-47

Internal Doc.    Presentence Investigation Report, p. 6-9

R. 56          Plea Transcript, Page ID # 328-342

R. 57          Sentencing Transcript, Page ID # 419, 426

R. 48          Judgment,  Page ID # 263-271

R. 50          Notice of Appeal, Page ID # 262